UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VICTOR DE LA CRUZ,

    Plaintiff

v.

NATIONAL RECOVERY AGENCY,

    Defendant

_____/

**COMPLAINT**
Case No.: 17cv3668
Request for Jury Trial

Plaintiff, Victor De La Cruz ("Plaintiff"), by and through his attorney, Subhan Tariq, Esq., as and for his Complaint against the Defendant, National Recovery Agency (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff Victor De La Cruz is a resident of State of New York and currently resides at 104 Moffat Street, Apt. 2FL, Brooklyn, NY 11207.

6. Defendant National Recovery Agency, is a company engaged in the business of collecting debts with a principal place of business located at 2491 Paxton Street, Harrisburg, PA 17111.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692a(30).

8. The Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1' through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

11. The Defendant was listed as collecting on his credit report, therefore the Plaintiff's friend Joend Robles contacted them in order to obtain information about his account.

12. On March 23, 2017, the Plaintiff's friend Joend Robles called the Defendant, on behalf of the Plaintiff, to obtain information about the account.

13. Plaintiff's friend stated: "Hi, my name is Joend. I'm calling on behalf of a friend of mine, He has an account with you guys."

14. After confirming the Plaintiff's identity, finding the account, and getting authorization from the Plaintiff to discuss his account with the Plaintiff's friend, the Defendant's representative stated: "There's no fees on the account."

15. Plaintiff's friend stated: "Ok."

16. Defendant's representative stated: "Except, for a seven dollar and ninety-five cents convenience fee and that would be to get it closed out of collections."

17. Plaintiff's friend stated: "Ok."

18. Defendant's representative stated: "Would you like to set up the payment arrangement or take care of the account today?"

19. Plaintiff's friend stated: "Yeah, he would like to dispute the account. Can he do it over the phone or does he have send something in writing?"

20. Defendant's representative stated: "He has to send a letter in writing letting us know why he's disputing this account."

21. Plaintiff's friend stated: "Ok, I'll let him know. Thank you very much."

22. Defendant's representative stated: "You're welcome."

23. The call then ended.

24. The Defendant refused to grant the Plaintiff's request to dispute his account and cease communication, despite the Plaintiff's requests to do so.

25. These are clearly tactics to misinform, mislead, or deceive consumers about the nature and status of their account so as to assist the Defendant in its goal of collecting on debt from these consumers.

## CAUSES OF ACTION

### FIRST COUNT
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e – preface

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. 15 U.S.C. § 1692e – preface prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with a debt collection.

28. Defendant is in violation of 15 U.S.C. §1692e – preface by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's request to do so, informing the Plaintiff that it could not take a verbal dispute, and informing the Plaintiff that he needed to send a written dispute.

29. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### SECOND COUNT
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(8)

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

31. 15 U.S.C. § 1692e(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

32. Defendant is in violation of 15 U.S.C. §1692e(8) by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's request to do so, informing the Plaintiff that it could not take a verbal dispute, and informing the Plaintiff that he needed to send a written dispute.

33. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## THIRD COUNT
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(10)

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35. 15 U.S.C. §1692e(10) prohibits a debt collector from making any false representation or deceptive means to collect a debt or obtain information about a consumer.

36. The Defendant is in violation of 15 U.S.C. §1692e(10) by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's request to do so, informing the Plaintiff that it could not take a verbal dispute, and informing the Plaintiff that he needed to send a written dispute.

37. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## FOURTH COUNT
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f – preface

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "37" herein with the same force and effect as if the same were set forth at length herein.

39. 15 U.S.C. § 1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

40. The Defendant violated 15 U.S.C. § 1692f – preface by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's request to do so, informing the Plaintiff that it could not take a verbal dispute, and informing the Plaintiff that he needed to send a written dispute.

41. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## FIFTH COUNT
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f(1)

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "41" herein with the same force and effect as if the same were set forth at length herein.

43. 15 U.S.C. § 1692f(1) prohibits a debt collector from attempting to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not authorized by the agreement creating the debt or permitted by law.

44. Defendant is in violation of 15 U.S.C. §1692f(1) by attempting to collect a convenience fee, in the amount of $7.95, from the Plaintiff.

45. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SIXTH COUNT
## VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681s-2(B)

46. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

47. Pursuant to 15 U.S.C. §1681s-2(b), a furnisher of information has a duty upon notice of dispute to conduct an investigation with respect to the disputed information and report the results of the investigation to the consumer reporting agency. The investigation must be done reasonably and adequately.

48. Defendant failed to conduct a reasonable and adequate investigation into its disputed credit reporting of Victor De La Cruz.

49. As a result of Defendant's conduct, Plaintiff Victor De La Cruz has been damaged.

50. Plaintiff Victor De La Cruz has suffered mental and emotional distress, worry, humiliation, and embarrassment as a result of Defendants' actions.

51. Plaintiff Victor De La Cruz has suffered pecuniary loss, been denied credit, and expended significant time and effort trying to address his credit report.

52. Defendant has violated the Fair Credit Reporting Act by willfully and/or negligently failing to comply with the requirements imposed under 15 U.S.C. §1681s-2(b), including the failure to fully and properly investigate Plaintiff Victor De La Cruz's dispute and by failing to correctly report results of an accurate investigation to each of the Credit Bureaus.

53. Defendant has violated the Fair Credit Reporting Act by willfully and/or negligently reporting false credit information about Plaintiff Victor De La Cruz and failed to reasonably investigate and remove.

## DEMAND FOR TRIAL BY JURY

54. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A)

C. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B)

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For actual damages provided and pursuant to 15 U.S.C. § 1681n(a)(1)(A);

G. For statutory damages provided and pursuant to 15 U.S.C. § 1692n(a)(1)(B)

H. For punitive damages provided and pursuant to 15 U.S.C. § 1692n(a)(2)

I. For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692n(a)(3);

J. A declaration that the Defendant's practices violated the FCRA;

K. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: June 16, 2017

Respectfully submitted,

　　s/Subhan Tariq　　
Subhan Tariq, Esq.
Attorney I.D.# ST9597
The Tariq Law Firm, PLLC

**Attorney for Plaintiff**
9052 171st Street
Jamaica Estates, NY 11432
Telephone: (516) 900-4529
Facsimile: (516) 453-0490
Email: subhan@tariqlaw.com

To: National Recovery Agency
2491 Paxton Street
Harrisburg, PA 17111
(*via Prescribed Service*)

Clerk of the Court,
United States District Court
Eastern District of New York
255 Cadman Plaza E.
Brooklyn, NY 11201

(*For Filing Purposes*)